IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:24-cr-00267-M-RN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EVAN CURTIS MORALES,

    Defendant.

ORDER

This matter comes before the court on Defendant's Motion to Amend Order For Competency Evaluation, [DE 24], and Defendant's two Motions to Seal. [DE 23, 25]. For the following reasons, the motion to amend is DENIED and the motions to seal are GRANTED.

On October 31, 2024, the court committed Defendant to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(b). [DE 20]. The court recommended that Defendant be placed at FMC Butner and ordered that a properly qualified professional prepare a report opining on whether Defendant is "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Id.* On November 15, 2024, the parties filed a Joint Status Report noting that Defendant is designated to be evaluated at FDC Houston in Houston, Texas. [DE 22]. The United States Marshall Service projects that Defendant will arrive at the facility in the next two to four weeks. *Id.*

Defendant now moves for an amendment to the commitment order, requesting that he be evaluated outside the custody of the Attorney General by the forensic psychologist he retained for state competency proceedings. [DE 24 at 1]. He argues that the delay occasioned by his

designation would prolong his detention beyond what § 4241 authorizes and would implicate constitutional due process concerns. The court disagrees on both counts.

Section 4241 authorizes the psychological examination of criminal defendants who the court has reasonable cause to believe are incompetent to stand trial. § 4241(a)–(b). "For the purposes of an examination [under this section] . . . the court may commit the person to be examined for a reasonable period, but not to exceed thirty days . . . to the custody of the Attorney General for placement in a suitable facility." 18 U.S.C. § 4247(b). Contrary to Defendant's position, this period "simply establish[es] the maximum period[] of hospitalized evaluation and treatment authorized for determining a defendant's competency to stand trial, not the maximum period that the defendant may be held in the custody of the Attorney General." *United States v. Curbow*, 16 F.4th 92, 122 (4th Cir. 2021) (Traxler, J., concurring); *see also United States v. Donnelly*, 41 F.4th 1102, 1106 (9th Cir. 2022) (recognizing that § 4241(d) "might require a pre-hospitalization commitment period to allow the Attorney General time to identify a suitable facility and arrange for the defendant's transportation to that facility"); *United States v. Alhindi*, 97 F.4th 814, 826 (11th Cir. 2024) ("We think that § 4241(d) implicitly recognizes that hospitalization cannot occur instantaneously."). While these cases concern and interpret § 4241(d), which involves competency restoration proceedings, the court finds that § 4247(b) implicitly recognizes the same principles. The thirty-day window applies "for placement in a suitable facility," and the following sentence, which provides for a fifteen-day extension, qualifies that it is for "additional time . . . necessary to observe and evaluate the defendant." § 4247(b). This language presumes that the defendant is already in custody at a suitable facility. Thus, the thirty-day clock will begin to run upon hospitalization of Defendant at FDC Houston.

To the extent Defendant argues this period of pre-evaluation detainment would raise constitutional concerns, "due process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." *Jackson v. Indiana*, 406 U.S. 715, 738 (1972). Here, both the detainment itself and its duration are reasonably related to addressing Defendant's motion to determine his competency. The two-to-four-week delay results from the need to transport Defendant to a suitable facility. This period is not so excessive as to raise constitutional concern, and there is no indication that Defendant's designation at FDC Houston is unreasonable when considered against the capacity of FMC Butner to efficiently conduct an evaluation. The court declines to exercise its remaining discretion and thus DENIES the motion to amend. [DE 24].

Further, pursuant to Federal Rule of Criminal Procedure 49.1(d), Local Criminal Rule 55.2, and for good cause shown, the motions to seal [DE 23, 25] are GRANTED. The clerk is DIRECTED to maintain the filings at [DE 22] and [DE 24] under seal until further order of this court.

SO ORDERED this __19th__ day of November, 2024.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

3

Case 5:24-cr-00267-M-RN     Document 27     Filed 11/19/24     Page 3 of 3